**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Southern__ District of __New York__
(State)

Case number (*If known*): _____  Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    02/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  Dean & DeLuca, Inc.

2. **All other names debtor used in the last 8 years**

    Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)  52 – 2222998

4. **Debtor's address**

    **Principal place of business**

    251 Little Falls Drive
    Number    Street

    _____

    Wilmington        DE    19808
    City              State    ZIP Code

    USA
    County

    **Mailing address, if different from principal place of business**

    _____
    Number    Street

    _____
    P.O. Box

    _____
    City    State    ZIP Code

    **Location of principal assets, if different from principal place of business**

    _____
    Number    Street

    _____

    _____
    City    State    ZIP Code

5. **Debtor's website** (URL)  _____

Debtor __Dean & DeLuca, Inc._____     Case number *(if known)*_____
      Name

6. **Type of debtor**
   - ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - ☐ Partnership (excluding LLP)
   - ☐ Other. Specify: _____

7. **Describe debtor's business**

   A. *Check one:*
   - ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   - ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   - ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   - ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   - ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   - ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   - ☒ None of the above

   B. *Check all that apply:*
   - ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
   - ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
   - ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

   _4_ _4_ _5_ _1_

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   *Check one:*
   - ☐ Chapter 7
   - ☐ Chapter 9
   - ☒ Chapter 11. *Check all that apply*:
     - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
     - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
     - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
     - ☐ A plan is being filed with this petition.
     - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
     - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
     - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
   - ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   If more than 2 cases, attach a separate list.

   ☒ No
   ☐ Yes.  District _____ When _____ Case number _____
                                                       MM / DD / YYYY
                 District _____ When _____ Case number _____
                                                       MM / DD / YYYY

Debtor  __Dean & DeLuca, Inc._____   Case number (*if known*)_____
       Name

| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No |
|---|---|---|
| | List all cases. If more than 1, attach a separate list. | ☒ Yes.   Debtor __See Attached List_____    Relationship _____ <br> District _____    When _____ <br>                                                                       MM / DD / YYYY <br> Case number, if known _____ |

| 11. | **Why is the case filed in *this district*?** | Check all that apply: <br> ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. <br> ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
|---|---|---|

| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No <br> ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. <br><br> **Why does the property need immediate attention?** (*Check all that apply.*) <br><br> ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. <br>     What is the hazard? _____ <br><br> ☐ It needs to be physically secured or protected from the weather. <br><br> ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). <br><br> ☐ Other _____ <br><br> **Where is the property?** _____ <br>                 Number       Street <br> _____ <br> _____    ____ _____ <br>     City                                                        State ZIP Code <br><br> **Is the property insured?** <br> ☐ No <br> ☐ Yes.   Insurance agency _____ <br>               Contact name _____ <br>               Phone _____ |
|---|---|---|

### Statistical and administrative information

| 13. | **Debtor's estimation of available funds** | Check one: <br> ☒ Funds will be available for distribution to unsecured creditors. <br> ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
|---|---|---|

| 14. | **Estimated number of creditors** | ☐ 1-49 <br> ☐ 50-99 <br> ☐ 100-199 <br> ☐ 200-999 | ☒ 1,000-5,000 <br> ☐ 5,001-10,000 <br> ☐ 10,001-25,000 | ☐ 25,001-50,000 <br> ☐ 50,001-100,000 <br> ☐ More than 100,000 |
|---|---|---|---|---|

Official Form 201            Voluntary Petition for Non-Individuals Filing for Bankruptcy            page **3**

Debtor __Dean & DeLuca, Inc.__  Case number (if known) _____
 Name

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☒ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __03/31/2020__
 MM / DD / YYYY

✘ __/s/ Sorapoj Techakraisri__   __Sorapoj Techakraisri__
Signature of authorized representative of debtor   Printed name

Title __Chief Executive Officer__

**18. Signature of attorney**

✘ __/s/ William R. Baldiga__   Date __03/31/2020__
Signature of attorney for debtor   MM / DD / YYYY

__William R. Baldiga, Esq.__
Printed name

__Brown Rudnick LLP__
Firm name

__Seven Times Square__
Number      Street

__New York__   __NY__   __10036__
City   State   ZIP Code

__212-209-4800__   __WBaldiga@brownrudnick.com__
Contact phone   Email address

__#4813846__   __NY__
Bar number   State

---

Official Form 201  Voluntary Petition for Non-Individuals Filing for Bankruptcy  page **4**

# **ANNEX I**

**Pending Bankruptcy Cases Filed by the Debtors and Affiliates of the Debtors**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in this Court for relief under chapter 11 of the title 11 of the United States Code. The Debtors will move for joint administration of these cases.

1. Dean & DeLuca New York, Inc.
2. Dean & DeLuca, Inc.
3. Dean & DeLuca Brands, Inc.
4. Dean & DeLuca International, LLC
5. Dean & DeLuca Small Format, LLC
6. Dean & DeLuca Atlanta, LLC
7. Dean & DeLuca Markets, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| DEAN & DELUCA NEW YORK, INC., *et al.* | : | Case No. 20-_____(___) |
|  | : |  |
|  | : | **Joint Administration Requested** |
| Debtors.[1] | : |  |
|  | : |  |

# CONSOLIDATED LIST OF CREDITORS
# HOLDING 30 LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. The following is the consolidated list of the Debtors' creditors holding the 30 largest non-contingent unsecured claims (the "Consolidated List") based on the Debtors' books and records as of approximately March 31, 2020. The Consolidated List is prepared in accordance with rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in these chapter 11 cases. The Consolidated List does not include (a) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (b) secured creditors. None of these creditors are minor children. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim.

---

[1] The Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number is as follows: Dean & DeLuca New York, Inc. (3111); Dean & DeLuca, Inc. (2998); Dean & DeLuca Brands, Inc. (2878); Dean & DeLuca International, LLC (8995); Dean & DeLuca Small Format, LLC (1806); Dean & DeLuca Atlanta, LLC (6678); Dean & DeLuca Markets, LLC (2674). The registered address of each of the Debtors is 251 Little Falls Drive, Wilmington, Delaware 19808.

**DECLARATION UNDER PENALTY OF PERJURY:**

        I, the undersigned authorized Designated Person on behalf of the Debtors, declare under penalty of perjury that I have read the foregoing List of Creditors Holding 30 Largest Unsecured Claims and are not Insiders, and that the list is true and correct to the best of my information and belief.

Date: March 31, 2020                            */s/ Sorapoj Techakraisri*_____
                                                      By: Sorapoj Techakraisri

| | Name of creditor and complete mailing address including zip code | Name, telephone number, and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim [trade debt, bank loan, government contract, etc.] | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|
| 1 | 33 Ninth Retail Owner LLC<br>620 Eighth Ave. 32nd FL.<br>New York, NY 10018 | Attn: Seyfarth Shaw LLP, Counsel<br>620 Eighth Ave. 32nd FL.<br>New York, NY 10018<br>Phone: (212) 218-5500 | Lessor | Contingent, unliquidated, disputed | $21,465,605.49 |
| 2 | Slg Graybar Mesne Lease LLC<br>C/O Cyruli Shanks Hart & Zizmor LLP<br>420 Lexington Avenue Ste. 2320<br>New York, NY 10170 | Attn: Marc Schneider<br>420 Lexington Avenue Ste. 2320<br>New York, NY 10170<br>Phone: 212.661.6800<br>Email: mschneider@cshzlaw.com | Lessor | Contingent, unliquidated, disputed | $9,160,565.62 |
| 3 | Internal Revenue Service Center<br>Attn: Legal Dept.<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Attn: Legal Dept.<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Tax | | $2,151,220.00 |
| 4 | Interserv<br>1430 Broadway, Suite 1805<br>New York, NY 10018 | Attn: Joshua Boyle, President of Western Region<br>Phone: 310.556.6800<br>Email: josh@InterservLP.com | General Contractor | | $1,147,890.51 |
| 5 | OS Development NY LLC<br>50 Bowery Street<br>New York, NY 10013 | Attn: David Moore, Executive Vice President<br>50 Bowery Street<br>New York, NY 10013<br>Phone: 917.328.1215<br>Email: David.Moore@os-development.net | Stage Services | | $989,694.82 |
| 6 | US. Foods Inc.<br>C/O Chipman Brown Cicero & Cole LLP<br>1313 N Market St. Ste. 5400<br>Wilmington, DE 19801 | Attn: Gregory Stuhlman, Counsel<br>1313 N Market St. Ste. 5400<br>Wilmington, DE 19801<br>Phone: 302.295.0191<br>Email: stuhlman@chipmanbrown.com | Product - foods | Contingent, unliquidated, disputed | $869,322.53 |

| | Name of creditor and complete mailing address including zip code | Name, telephone number, and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim [trade debt, bank loan, government contract, etc.] | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|
| 7 | Accenture LLP<br>1345 6th Avenue<br>New York, NY 10105 | Attn: Kelly Lamaina, Managing Director<br>1345 6th Avenue<br>New York, NY 10105<br>Phone: 732.934.3400<br>Email: kelly.a.lamaina@accenture.com | Consumer Brands - professional services | | $783,469.82 |
| 8 | Laura Lendrum<br>C/O Kudamn, Trachten, Aloe LLP<br>350 Fifth Ave. 68th Fl.<br>New York, NY 10118 | Attn: Gary Trachten, Counsel<br>350 Fifth Ave. 68th Fl.<br>New York, NY 10118<br>Phone: 212.868.1010<br>gtrachten@kudmanlaw.com | Employee | | $761,874.96 |
| 9 | United Parcel Service<br>55 Glenlake Parkway NE<br>Atlanta, GA | Attn: Billy Herbert, Counsel to UPS<br>55 Glenlake Parkway NE<br>Atlanta, GA 30328<br>Phone: (213) 892-5261<br>Email: WHerbert@mofo.com | Logistics | | $411,411.54 |
| 10 | 40 Wall Street LLC<br>C/O Belkin Burden Wenig & Goldman, LLP<br>270 Madison Ave.<br>New York, NY 10016 | Attn: Jay B. Solomon, Counsel<br>270 Madison Ave.<br>New York, NY 10016<br>Phone: 212.297.1859<br>Email: jsolomon@bbwg.com | Lessor | Contingent, unliquidated, disputed | $400,000.00 |
| 11 | The Chef's Warehouse/Dairyland<br>240 Food Center Drive<br>Bronx, NY 10474 | Attn: Courtney Denkovich, VP, Credit and Collections<br>240 Food Center Drive<br>Bronx, NY 10474<br>Phone: 203.894.1345x10124 | Product - all types | | $299,747.72 |

| | Name of creditor and complete mailing address including zip code | Name, telephone number, and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim [trade debt, bank loan, government contract, etc.] | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|
| 12 | Four Seasons Produce Inc.<br>McCarron & Diess<br>576 Broadhollow Road Ste 105<br>Melville, NY 11747 | Attn: Gregory Adam Brown, Counsel<br>576 Broadhollow Road Ste 105<br>Melville, NY 11747<br>Phone: 631.425.8110<br>Email: gbrown@mccarronlaw.com | Product - foods | Contingent, unliquidated, disputed | $271,580.53 |
| 13 | Lagardere Unlimited Consulting, LLC<br>7777 Glades Road, Suite 100<br>Boca Raton, FL 33434 | Attn: Lee D. Galkin, General Counsel, Americas<br>7777 Glades Road, Suite 100<br>Boca Raton, FL 33434<br>Phone: 561.245.4701<br>Email: lgalkin@lagardere-se.com | Consumer Brands - professional services | | $260,000.31 |
| 14 | Ernst & Young LLP<br>5 Times Square<br>New York, NY 10036 | Attn: Heath Cruikshank, Partner, Assurance Services<br>5 Times Square<br>New York, NY 10036<br>Phone: 479.254.6321<br>Email: heath.cruikshank@ey.com | Audit services | | $256,434.00 |
| 15 | Andrew Adams Inc.<br>800 Second Ave. Ste 810<br>New York, NY 10017 | Attn: David J. Gold, Counsel<br>800 Second Ave. Ste 810<br>New York, NY 10017<br>Phone: 212.962.2910<br>Email: djgpcesq1@aol.com | Product - all types | Contingent, unliquidated, disputed | $254,106.54 |
| 16 | North Rip Trading, Inc.<br>1200 E. Bay Avenue, #2<br>Bronx, NY 10474 | Attn: Andrew Szamborski, President<br>1200 E. Bay Avenue, #2<br>Bronx, NY 10474<br>Phone: 914.552.1054<br>Email: Andrew@northriptrading.com | Product - seafood | | $251,497.64 |

| | Name of creditor and complete mailing address including zip code | Name, telephone number, and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim [trade debt, bank loan, government contract, etc.] | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|
| 17 | McGriff, Seibels & Williams, Inc.<br>3400 Overton Park Drive SE, Suite 300<br>Atlanta, GA 30339 | Attn: Randy Brown, Senior Account Manager<br>3400 Overton Park Drive SE, Suite 300<br>Atlanta, GA 30339<br>Phone: 404.847.1606<br>Email: rbrown@mcgriff.com | Insurance | | $251,131.00 |
| 18 | Jamestown Premier Malibu Village, LP<br>One Maritime Plaza, 18th Fl<br>San Francisco, CA 94111 | Attn: Roey Rahmil, Counsel<br>Shartsis Friese LLP<br>One Maritime Plaza, 18th Fl<br>San Francisco, CA 94111<br>Phone: 415.773.7283<br>Email: rrahmil@sflaw.com | Lessor | Contingent, unliquidated, disputed | $250,000.00 |
| 19 | Finch & Partners<br>47-48 Piccadilly<br>Mayfair, London W1J ODT<br>United Kingdom | Attn: Clementine Crawford, Partner<br>47-48 Piccadilly<br>Mayfair, London W1J ODT<br>United Kingdom<br>Phone: 44 20 7297 0300<br>Email: Clementine@finchandpartners.com | Consumer Brands - professional services | | $247,311.63 |
| 20 | Cushman & Wakefield, Inc.<br>1290 Avenue of the Americas<br>New York, NY 10104-6178 | Attn: Kenneth Goldstein, General Counsel, New York<br>1290 Avenue of the Americas<br>New York, NY 10104-6178<br>Phone: 212.841.5043<br>Email: kenneth.goldstein@cushwake.com | Real Estate Broker | | $243,641.56 |

4

| | Name of creditor and complete mailing address including zip code | Name, telephone number, and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim [trade debt, bank loan, government contract, etc.] | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|
| 21 | Ministry of Finance<br>Rama VI Rd. Phayathai, Phayathai<br>Thailand | Rama VI Rd. Phayathai, Phayathai<br>Thailand<br>Phone: +66 2 126-5800 | | | $229,543.85 |
| 22 | Luxe Collective Group<br>49 West 27th Street, FL. 6<br>New York, NY 10001 | Attn: Walter C., Chief Executive Officer<br>49 West 27th Street, FL. 6<br>New York, NY 10001<br>Phone: 212.627.3300 | Marketing | | $211,149.25 |
| 23 | Cooling Guard<br>1465 Post Road East Ste. 100<br>Westport, CT 06880 | Attn: The Scheier Law Firm, LLC, Counsel<br>1465 Post Road East Ste. 100<br>Westport, CT 06880<br>Phone: 201.568.3210 | HVAC provider | Contingent, unliquidated, disputed | $203,000.00 |
| 24 | Hale & Hearty<br>75 Ninth Avenue<br>New York, NY 10011 | Attn: Paul Schwartz, VP, Sales & Marketing<br>75 Ninth Avenue<br>New York, NY 10011<br>Phone: 773.899.0861<br>Email: pschwartz@haleandhearty | Product - soup | | $192,725.50 |
| 25 | I Am Other Ventures, LLC<br>584 Broadway, Suite 610<br>New York, NY 10012 | Attn: Melissa Dishell, SVP Marketing<br>584 Broadway, Suite 610<br>New York, NY 10012<br>Phone: 212.775.0250<br>Email: Melissa.Dishell@iamother.com | Consumer Brands - professional services | | $156,250.06 |

5

| | Name of creditor and complete mailing address including zip code | Name, telephone number, and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim [trade debt, bank loan, government contract, etc.] | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|
| 26 | Meade Digital Enterprises Corp.<br>800 Food Center Drive, Unit 4<br>Bronx, NY 10474-0020 | Attn: Jeffrey Vanacore, Counsel to Meade Digital<br>800 Food Center Drive, Unit 4<br>Bronx, NY 10474-0020<br>Phone: 718.842.8904<br>Email: JVanacore@perkinscoie.com | Product - seafood | | $147,000.00 |
| 27 | Oasis Staffing<br>10777 Barkley St. Ste 130<br>Leawood, KS 66211 | Attn: John M Molle, Counsel<br>10777 Barkley St. Ste 130<br>Leawood, KS 66211<br>Phone: 913.515.8286 | Temp Staffing | | $144,930.99 |
| 28 | Nahan<br>34 Seymour Street<br>Tonawanda, NY 14150 | Attn: Rick Cownie, Senior Account Executive<br>34 Seymour Street<br>Tonawanda, NY 14150<br>Phone: 800.873.5212<br>Email: RCownie@commercialcollection.com | Catalog printing | | $140,140.66 |
| 29 | RSJ Group Corporation/Rosanjin<br>141 Duane Stret<br>New York, NY 10013 | Attn: Yuri, Representative<br>141 Duane Stret<br>New York, NY 10013<br>Phone: 212.346.7877<br>Email: yuri@rosanjintribeca.com | Product - sushi | | $137,590.51 |

| | Name of creditor and complete mailing address including zip code | Name, telephone number, and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim [trade debt, bank loan, government contract, etc.] | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim [if secured also state value of security] |
|---|---|---|---|---|---|
| 30 | Mariage Freres International S.A.<br>Attn: Christophe Massiot, Managing Partner<br>250 bis, rue du faubourg Saint-Honoré<br>Paris 75008<br>France | Attn: Christophe Massiot, Managing Partner<br>250 bis, rue du faubourg Saint-Honoré<br>Paris 75008<br>France<br>Phone: 33 (0)1 43 46 60 00<br>Email: export@mariagefreres | Product - specialty tea | | $123,297.67 |

63713392 v1

7

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| DEAN & DELUCA NEW YORK, INC., *et al.* | : | Case No. 20-_____(___) |
|  | : | **Joint Administration Requested** |
| Debtors.[1] | : |  |

# CORPORATE OWNERSHIP STATEMENT

In accordance with Rules 1007(a)(1) of the Federal Rules of Bankruptcy Procedure, Dean & DeLuca New York, Inc., on behalf of itself and its affiliated debtors and debtors-in-possession in these chapter 11 cases (collectively, the "Debtors"), respectfully represent:

1. 100% of Dean & DeLuca New York, Inc., a New York corporation is directly owned by Dean & DeLuca Brands, Inc.;

2. 100% of Dean & DeLuca, Inc., a Delaware corporation, is directly owned by Pace Food Retail Co., Ltd.;

3. 100% of Dean & DeLuca Brands, Inc., a Delaware corporation, is directly owned by Dean & DeLuca, Inc.;

4. 100% of Dean & DeLuca International, LLC, a Delaware limited liability company, is directly owned by Dean & DeLuca Brands, Inc.;

5. 100% of Dean & DeLuca Small Format, LLC, a Delaware limited liability company, is directly owned by Dean & DeLuca, Inc.;

6. 100% of Dean & DeLuca Atlanta, LLC, a Delaware limited liability company is directly owned by Dean & DeLuca, Inc.; and

7. 100% of Dean & DeLuca Markets, LLC, a California limited liability company, is directly owned by Dean & DeLuca, Inc., Ltd.

---

[1] The Debtors in the Chapter 11 Cases and the last four digits of each Debtor's taxpayer identification number is as follows: Dean & DeLuca New York, Inc. (3111); Dean & DeLuca, Inc. (2998); Dean & DeLuca Brands, Inc. (2878); Dean & DeLuca International, LLC (8995); Dean & DeLuca Small Format, LLC (1806); Dean & DeLuca Atlanta, LLC (6678); Dean & DeLuca Markets, LLC (2674). The registered address of each of the Debtors is 251 Little Falls Drive, Wilmington, Delaware 19808.

**DECLARATION UNDER PENALTY OF PERJURY:**

       I, the undersigned authorized Designated Person on behalf of the Debtors, declare under penalty of perjury that I have read the foregoing Corporate Ownership Statement and that the list is true and correct to the best of my information and belief.

Date: March 31, 2020                          */s/ Sorapoj Techakraisri*
                                                   By: Sorapoj Techakraisri

2

# RESOLUTIONS OF THE BOARD OF DIRECTORS OF

# DEAN & DELUCA, INC.

---

Effective as of the 30th day of March, 2020, pursuant to a special meeting on the same date, the board of directors (collectively, the "Board of Directors") of Dean & DeLuca, Inc. (the "Corporation"), a Delaware corporation, upon a motion duly made, and acting pursuant to the Corporation's organizational documents, took the following actions and adopted the following resolutions:

**WHEREAS**, the Board of Directors of the Corporation has reviewed and had the opportunity to ask questions about the materials presented by the Corporation's management and advisors regarding the liabilities and liquidity of the Corporation, the strategic alternatives available to the Corporation, and the impact of the foregoing on the Corporation's business;

**WHEREAS,** the Board of Directors has considered, among other things, the Corporation's available liquidity, liabilities and ability to meet its obligations as they come due;

**WHEREAS**, the Board of Directors has had the opportunity to consult with the Corporation's management and advisors to fully consider each of the strategic alternatives available to the Corporation; and

**WHEREAS,** the Board of Directors desires to approve the following resolutions.

**NOW THEREFORE, BE IT RESOLVED**, that the Board of Directors has determined that it is desirable and in the best interests of the Corporation that the Corporation shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing a chapter 11 case for the Corporation (the "Chapter 11 Case"); and be it further

**RESOLVED**, that the Chief Executive Officer, or any officer designated by the Chief Executive Officer (each a "Designated Officer"), in each case acting singly or jointly, be, and they hereby are, authorized, empowered, and directed to execute and file in the name and on behalf of the Corporation, and under its corporate seal or otherwise, all petitions, schedules, lists and other motions, papers, or documents, and to take any and all management action necessary, appropriate, desirable, or proper in connection with the Chapter 11 Case including, without limitation, any action necessary to maintain the Corporation's business, assets and affairs, and further including any actions necessary to retain any professionals deemed necessary (including, without limitation, Brown Rudnick LLP as reorganization counsel, Argus Management Corporation to furnish the services of Lawton Bloom and Joseph Baum as Co-Chief Restructuring Officer and provide related managerial services to fulfill the responsibilities set

forth below, and Stretto to assist the Corporation in the Chapter 11 Cases and in carrying out its duties under the provisions of the Bankruptcy Code; and it be further

**RESOLVED**, that Argus Management Corporation (including Lawton Bloom and Joseph Baum and such other persons who may assist them in their responsibilities as to this engagement, as such responsibilities are approved by, and may be modified from time to time by, the Board of Directors) is hereby engaged by the Corporation to furnish Mr. Bloom and Mr. Baum as its Co-Chief Restructuring Officers reporting to the Corporation's Board of Directors; and that Mr. Bloom and Mr. Baum are hereby appointed as Co-Chief Restructuring Officers (together the "Chief Restructuring Officer"), and that, given that a principal goal of the Corporation is to effectuate a successful sale of all or a substantial part of its assets in the Chapter 11 Case or to undertake a substantial recapitalization or similar transaction (such sale, recapitalization or similar transaction, a "Transaction"), the Chief Restructuring Officer is at this time charged primarily with the responsibilities, powers and authority to do all things reasonably appropriate or necessary in the furtherance of such Transaction (including as to such tasks that may be from time to time undertaken by investment bankers, financial advisors and accountants), in all respects working closely with the Corporation's other executives, employees and retained professionals as appropriate and customary and reporting to the Board of Directors, and in such respects to prepare for and undertake the Transaction that is in the best interests of the Corporation and its creditors, shareholders, employees, customers and other constituents generally in accordance with good professional practices and applicable law, and to execute all documents and take any and all other actions in furtherance thereof as the Chief Restructuring Officer deems to be necessary or appropriate; and it be further

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Designated Officers and the Chief Restructuring Officer, each of the Designated Officers and the Chief Restructuring Officer and their respective designees shall be, and each of them hereby is, authorized, directed, and empowered, in the name of, and on behalf of, the Corporation and under its corporate seal or otherwise, to take or cause to be taken any and all such further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents, and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment shall be necessary, advisable, or desirable to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it further

**RESOLVED**, that all members of the Board of Directors of the Corporation have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Corporation, or here by waive any right to have received such notice; and be it further

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of an on behalf of the Corporation, which acts

2

would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Corporation with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by resolution of the Board of Directors and that the Designated Officer or Chief Restructuring Officer did execute the same. The actions taken by this consent shall have the same force and effect as if taken at a meeting of the Board of Directors duly called and constituted pursuant to the Bylaws of the Corporation and the laws of the State of New York; and it be further

**RESOVED**, that in order to fully carry out the intent and effectuate the purposes of the foregoing resolutions, the Board of Directors and each of the Designated Officers are hereby authorized to take all such further action, and to execute and deliver all such further instruments and documents in the name and on behalf of the Corporation, and under its corporate seal or otherwise pay all such fees and expenses, which shall in his or her business judgment may be necessary, proper or advisable.

These Resolutions of the Board of Directors are executed effective as of the date set forth above.

*/s/ Sorapoj Techakraisri*
Sorapoj Techakraisri

63713634 v1

3